**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

| | |
|---|---|
| **KELLY KING, as son and next of kin to WILLIE DEPRIEST, deceased** | **PLAINTIFF** |
| **V.** | **CAUSE NO: 1:03CV178** |
| **BEVERLY HEALTHCARE - TUPELO, et al** | **DEFENDANT** |

## ORDER

This cause comes before the court on Kelly King's motion to determine Medicaid's lien on the settlement received in this case. The court has reviewed the submissions and is prepared to rule.

The plaintiff, Kelly King, settled this matter in July 2004, and a subsequent dispute has arisen between King and the Mississippi Division of Medicaid ("Medicaid"). Both parties acknowledge that Medicaid has a statutory right to recovery pursuant to Miss. Code Ann. § 43-13-125; however, the parties dispute the amount that Medicaid is entitled to recover. Kelly King contends that only the injuries alleged in the complaint, treatment for pneumonia and stitches for a cut to the forehead, are subject to recovery by Medicaid. Medicaid contends that the plaintiff's complaint alleges a course of misconduct on the part of Beverly Healthcare that would encompass the amount sought to be recovered by Medicaid.

Medicaid initially asserted entitlement to $18,653.75 and offered to compromise its claim down 25% to 13,990.13 due to Kelly King's use of a private attorney to recover damages. Medicaid further reduced the amount it contends it is owed to $9,182.78 after the plaintiff again objected to Medicaid's attempt to seek reimbursement for the entire length of Mr. DePriest's

residency at Beverly Healthcare as well as payment of the staff doctor.

Miss. Code Ann. § 43-13-125 states in part:

If Medicaid is provided to a recipient under this article for injuries, disease or sickness caused under circumstances creating a cause of action in favor of the recipient against any person, firm or corporation, then the division shall be entitled to recover the proceeds that may result from the exercise of any rights of recovery that the recipient may have against any such person, firm or corporation to the extent of the Division of Medicaid's interest on behalf of the recipient.

The plain language of the statute clearly states that Medicaid is only entitled to reimbursement for costs incurred for actions that create a legal cause of action in a Medicaid recipient. *See generally Arkansas Dept. of Health and Human Serv. v. Ahlborn*, 547 U.S. 268, 126 S.Ct. 1752, 164 L.Ed.2d 459 (2006). This court now looks to the language of the complaint to determine the causes of action alleged in the complaint that are encompassed in the settlement agreement.

The complaint first enumerates facts related to the action. The facts state that Mr. Depriest was a fifty-three year old multiple amputee who was unable to maneuver his body under his own power to sit upright in bed. He would lie prone on his back for long periods of time while under the care of the facility. The facts further state that Mr. Depriest's family was notified that Mr. Depriest and fallen in the shower and suffered a cut to the head requiring six stitches. While in the care of the nursing home, Mr. Depriest developed pneumonia that required hospitalization and ultimately led to his death. The facts of the complaint further state that the plaintiff believed that the cut to Mr. Depriest's head was a result of the Beverly staff not properly securing him in his shower chair, that Mr. Depriest's death was caused by the neglect of Beverly and its staff, and that Beverly's conduct was wanton, willful, and in reckless disregard of Mr.

2

DePriest's rights.

Next, the complaint enumerates two causes of action. The first cause of action alleges that Beverly failed to provide reasonable care, which resulted in Mr. Depriest suffering injuries and death. The second cause of action alleges that Beverly violated Mr. Depriest's rights by failing to ensure that he was properly examined by a physician, failing to timely transfer him to the hospital when his needs exceeded what was available at the nursing home, failing to ensure that Mr. Depriest was properly accompanied and cared for in the showering facilities, and that as a result of these failings Mr. Depriest suffered injuries and death.

This court cannot accept Medicaid's contention that the complaint made broad allegations entitling it to recover the charges it seeks. The facts and both causes of action seem to focus on two specific incidents — the first being the cut to Mr. Depriest's forehead and the second being Mr. Depriest's death from pneumonia. Medicaid is entitled to recover only for payments made in relation to those specific injuries. According to documentation submitted by both parties, Medicaid paid $270.03 in relation to Mr. Depriest's hospitalization for pneumonia. Neither party was able to provide that date when Mr. Depriest cut his head in the shower, rendering this court unable to review the submitted documentation to calculate payments made in relation to that injury. Accordingly, Medicaid is in entitled [17] to a reimbursement of $270.03.

This matter is now closed.

This the 28th day of November, 2007.

                                         **/s/ Michael P. Mills**
                                         **CHIEF JUDGE**
                                         **UNITED STATES DISTRICT COURT**
                                         **NORTHERN DISTRICT OF MISSISSIPPI**